IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CORIZON HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00463 |
| | ) | |
| ARMOR CORRECTIONAL HEALTH | ) | JUDGE CAMPBELL |
| SERVICES, INC., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM

## I. INTRODUCTION

Pending before the Court are Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue or Stay (Doc. No. 12), Plaintiff's Response (Doc. No. 17), and Defendant's Reply (Doc. No. 19). For the reasons set forth herein, the Motion (Doc. Nos. 12) is **GRANTED** in part, and **DENIED,** in part. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of Florida as a related case to *Armor Correctional Health Services, Inc. v. Teal*, Case No. 1:19-cv-24656.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Plaintiff Corizon Health, Inc. ("Corizon") and Defendant Armor Correctional Health Services, Inc. ("Armor") are competitors in the field of correctional healthcare. (Doc. No. 1 ¶ 6). Corizon's principal place of business is in Brentwood, Tennessee, and Armor's principal place of business is in Miami, Florida. (*Id.* ¶¶ 1, 2). The Complaint alleges Bruce Teal was the Chief Executive Officer of Armor until his resignation in November 2018. (*Id.* ¶ 7). On February 5, 2019, Corizon and Armor entered into a confidentiality agreement related to a potential strategic transaction between the companies. (*Id.* ¶ 8). Plaintiff alleges the agreement

states: "Armor understands that Corizon intends to engage Mr. Bruce Teal and that as part of Mr. Teal's engagement he may assist Corizon with evaluating a possible transaction between Armor and Corizon. Armor confirms that Mr. Teal is not subject to any on-going noncompetition, confidentiality or other agreement with Armor that would prohibit him from working for Corizon or otherwise assisting with a possible transaction, except for such restrictions as are imposed by this Agreement." (*Id.* ¶ 9). The agreement states that it is governed by the laws of the State of Tennessee. (*Id.* ¶ 10).

On April 5, 2019, Corizon entered into an employment agreement with Mr. Teal, providing that Mr. Teal would work for Corizon in Client Relations. (*Id.* ¶¶ 15-16). On July 23, 2019, Armor sent Mr. Teal a letter expressing concern about whether he was complying with his "legal obligations" by interacting with Armor customers on behalf of Corizon. (*Id.* ¶¶ 18-19). Corizon's legal counsel responded by stating Corizon's understanding that Mr. Teal was not subject to any non-competition or non-solicitation agreement with Armor. (*Id.* ¶ 21). Armor allegedly responded by asserting Mr. Teal was bound by common law fiduciary duties. (*Id.* ¶ 23).

On October 4, 2019, Armor filed a complaint against Mr. Teal in a Florida state court. (*Id.* ¶ 25). The case was subsequently removed to the United States District Court for the Southern District of Florida, and is styled *Armor Correctional Health Services, Inc. v. Bruce Teal,* Case No. 1:19-cv-24656. (*Id.*) In that litigation, according to Plaintiff, Armor alleges Mr. Teal had an employment agreement that included a non-competition provision. (*Id.* ¶ 26). Plaintiff alleges this litigation was the first notice it received that Armor claimed such an agreement. (*Id.* ¶ 28). Armor seeks injunctive relief in that litigation restraining Mr. Teal from competing with Armor for a period of two years. (*Id.* ¶ 29). Based on the Florida litigation, Plaintiff alleges it was left with no choice but to place Mr. Teal on a modified assignment, while still paying him the salary associated with greater duties. (*Id.* ¶ 30). Plaintiff also details the burdens of discovery it has borne, as well

as the attorneys' fees it has incurred, as a result of the Florida litigation. (*Id.* ¶¶ 32-38). Plaintiff claims this harm is the result of Armor's failure to abide by its February 5, 2019 representation that Mr. Teal was not subject to post-employment restrictive covenants. (*Id.* ¶¶ 32-38).

Plaintiff asserts claims for breach of contract, promissory estoppel (in the alternative), common law tortious interference with contract, violation of Tenn. Code Ann. § 47-50-109 (in the alternative), fraudulent misrepresentation, negligent misrepresentation (in the alternative), and declaratory judgment (28 U.S.C. § 2201).

### III. <u>ANALYSIS</u>

Through its Motion, Armor argues several of Corizon's claims should be dismissed as insufficiently pled. In the alternative, Armor argues the Court should transfer venue to the Southern District of Florida, or stay this case pending resolution of the Florida litigation. Because the Court concludes transfer is warranted, it is unnecessary to consider Armor's request to dismiss Corizon's claims, or to stay this action.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Sixth Circuit has explained, district courts have broad discretion under the statute to determine when party convenience or the interest of justice makes transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In ruling on a motion to transfer venue, a court typically considers factors relating to the convenience of the parties and the public interest. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). Factors relating to the convenience of the parties include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance

3

Case 3:20-cv-00463   Document 24   Filed 10/07/20   Page 3 of 6 PageID #: 271

of willing witnesses; the possibility of a view of the premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." 134 S. Ct. at 581 n. 6. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id; see also Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016). Courts are also to give some weight to the plaintiff's choice of forum. *Atl. Marine Const. Co.*, 134 S. Ct. at 581 n. 6. The burden of demonstrating transfer is warranted is on the moving party. *Means,* 836 F.3d at 652 n. 7.

Armor argues these factors weigh in favor of transfer. Armor also argues transfer is appropriate under the "first-to-file rule." The "first-to-file rule" is "a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Trans., LLC*, 814 F.3d 785, 789 (6th Cir. 2016). It provides that, "'when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 353, 551 (6th Cir. 2007) (emphasis in original)). The rule is to encourage comity among federal courts of equal rank. *Id.* The rule also "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id.*

In order to be considered duplicative, the suits filed in different districts must involve "'nearly identical parties and issues.'" *Id.* (quoting *Certified Restoration,* 511 F.3d at 551). In applying the rule, courts generally consider three factors: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Id.* If these factors support application of the rule, the court is to consider whether any equitable

considerations, such as bad faith, anticipatory suits, or forum shopping, weigh against application of the rule in a particular case. *Id.* In cases where the rule is appropriately applied, the court may dismiss the case without prejudice, stay the case, or transfer the case to the court where the first action is pending. *Caraboolad v. Sun Tan City, LLC,* 2020 WL 423393, at *3 (W.D. Ky. Jan. 27, 2020).

In comparing the chronology of the two cases at issue here, the Court notes that the docket of the Florida case reveals it was initiated (through a notice of removal) on November 11, 2019. (*Armor Correctional Health Services, Inc. v. Teal,* Southern District of Florida, Case No. 1:19-cv-24656 (Doc. No. 1)). The Court also notes that the parties have represented to that court that most of the fact discovery has been completed. (*Id.* (Doc. No. 33)). In addition, a motion to dismiss is currently pending and has been fully briefed. (*Id.* (Doc. Nos. 23, 26, 27)). Trial has been set for April 26, 2021. (*Id.* (Doc No. 4)).

This case was initiated over six months after the Florida case – on June 2, 2020. (Doc. No. 1). Trial is set for March 29, 2022. (Doc. Nos. 1, 21). Thus, the Florida case was filed first, and is considerably farther along than this case.

As for the second factor, the parties in the two cases are not identical. The parties in the Florida action are Armor and Mr. Teal, and the parties here are Armor and Corizon. Despite Corizon's argument to the contrary, however, the parties need not be "perfectly identical" for the first-to-file rule to apply; it is sufficient that the parties "substantially overlap." *Baatz,* 814 F.3d at 790. Although Corizon is not a party in the Florida action, it has participated in that action, is funding Mr. Teal's defense, and is represented by the same counsel. (Declaration of Jessica T. Travers ¶ 4 (Doc. No. 13-3)). Thus, the Court concludes the parties "substantially overlap."

As for the similarity of the issues, in the Court's view, the two cases essentially involve the same issue: whether Armor is barred from enforcing Mr. Teal's non-competition agreement (which

5

is the subject of the Florida action) by virtue of Armor's subsequent agreement with Corizon (which is the subject of this action). Given these issues are pivotal to the claims in both cases, the Court is persuaded that the issues "substantially overlap." *Baatz,* 814 F.3d at 791.

Having determined the three factors weigh in favor of applying the rule, the Court must consider whether any equitable concerns weigh against its application. The Court is not aware of any extraordinary circumstances, such as bad faith or inequitable conduct, at issue here. *Baatz,* 814 F.3d at 792 ("[D]eviations from the rule should be the exception, rather than the norm.") Therefore, the Court concludes the first-to-file rule should apply. Accordingly, this case is transferred to the Southern District of Florida as a related case to *Armor Correctional Health Services, Inc. v. Teal*, Case No. 1:19-cv-24656.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue or Stay (Doc. No. 12) is **GRANTED** in part, and **DENIED,** in part. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of Florida as a related case to *Armor Correctional Health Services, Inc. v. Teal*, Case No. 1:19-cv-24656.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:20-cv-00463   Document 24   Filed 10/07/20   Page 6 of 6 PageID #: 274